IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUNU RENAH WILLIAMS, #A6070389, | ) CIV. NO. 17-00325 LEK-RLP ) |
| | ) ORDER DENYING PETITION |
| Petitioner, | ) UNDER 28 U.S.C. § 2254 |
| | ) AND DENYING CERTIFICATE OF |
| vs. | ) APPEALABILITY |
| | ) |
| ATTORNEY GENERAL OF STATE | ) |
| OF HAWAII, OREGON, | ) |
| WASHINGTON, CALIFORNIA, | ) |
| TEXAS, NEW YORK, | ) |
| | ) |
| Respondents, | ) |
| _____ | ) |

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254
AND DENYING CERTIFICATE OF APPEALABILITY**

Before the court is Petitioner Maunu Renah

Williams's Petition for Writ of Habeas Corpus brought

pursuant to 28 U.S.C. § 2254, Application to Proceed In

Forma Pauperis By a Prisoner, Motion for Absolute

Pardon, Motion for En Banc Hearing, and Motion for Writ

of Coram Nobis.  ECF Nos. 1, 2, 4-6.  Williams names

the Attorneys General of the States of Hawaii, Oregon,

Washington, California, New York, and Texas as

Respondents to the Petition and seeks "commutation,

clemency, pardon by [President] Donald Trump [and

Governor] David Y. Ige."[1]  Williams says he "wrote to

the Governor and White House, F.B.I., etc.," but has

received no response.  He alleges the failure to grant

him clemency has or will violate the Eighth and

Fourteenth Amendments.

Williams's Petition is DENIED and his Motions are

DISMISSED.  Any request for a certificate of

appealability is DENIED.

## I.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases

requires the court to summarily dismiss a habeas

petition "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not

entitled to relief in the district court."

## A.   Procedural Defects in the Petition

First, it appears that Williams seeks relief from

the judgments of conviction in more than one state

---

[1] Williams is incarcerated at the Halawa Correctional
Facility ("HCF") pursuant to a Hawaii state court conviction.
*See State v. Williams*,3PC141000469, available at eCourt Kokua:
https://jimspss1.courts.state.hi.us/JEFS. (last visit 7/17/2017).
He says he is a fugitive of justice from Oregon, Washington,
Texas, California, and New York. Pet., ECF 1, PageID #1.

court that were apparently entered in several different

states.  Williams must file a separate petition for

each judgment that he challenges in each respective

court.  *See* Rule 2(e).

Second, a federal court may not entertain a habeas

petition unless the petitioner has exhausted all

available and adequate state court remedies with

respect to all claims in the petition.  *Rose v. Lundy*,

455 U.S. 509, 510 (1982).  A wholly unexhausted

petition must be dismissed.  *Id.*  To the extent that

Williams challenges his conviction in *State v.*

*Williams*, 3PC141000469, to which he vaguely refers and

for which he is presently incarcerated, he explicitly

and repeatedly states that he has not appealed or

otherwise challenged that judgment.[2]  *See* Pet., ECF No.

1, PageID #2-14; *see also* eCourt Kokua:

https://jimspss1.courts.state.hi.us/JEFS. (last visited

---

[2] Williams refers instead to his federal civil rights action, *Williams v. Ige*, 1:17-cv-00222 SOM (D. Haw.), in the apparently mistaken belief that this action suffices to have exhausted his state conviction in the state court.  It does not.

July 18, 2017).  Williams's Petition is therefore

subject to dismissal as unexhausted.

Third, a petition brought under § 2254 must be

filed within the applicable one-year statute of

limitation.  *See* 28 U.S.C. § 2244(d).  The period of

limitation runs from the latest of

(A) the date on which the judgment became final
by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing
an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1).  The statute of limitation is

tolled while "a properly filed application for State

post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending."   28
U.S.C. § 2244(d).

Williams pled guilty in 3PC141000469, on
December 2, 2014, and he was sentenced on January 27,
2015.   *Id.*, https://jimspss1.courts.state.hi.us/JEFS.
Accepting that he failed to appeal this decision,
Williams's conviction was final thirty days later, on
February 26, 2015.   *See* Hawaii Rules of Appellate
Procedure, Rule 4(b)(1); 28 U.S.C. § 2244(d)(1)(A);
*Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).   The
statute of limitation began to run on February 27,
2015, and barring statutory or equitable tolling,
expired on February 26, 2016.

Williams alleges no statutory or equitable bases
for tolling the statute of limitation.   Williams's
Petition therefore appears time-barred.

The Court makes no ruling on these procedural
issues because Williams has not had the opportunity to
respond to these issues and the full state court record
is not before the court.   Nonetheless, the Petition is

subject to dismissal because Williams's claim for clemency is without merit.

## B.   Williams's Petition is Without Merit

Fourth, and most importantly, Williams has no right to the relief he seeks — clemency or a pardon.  *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 467 (1981) (holding that the power vested in the Connecticut Board of Pardons to commute sentences conferred no rights beyond the right to seek commutation); *Woratzeck v. Stewart*,  118 F.3d 648, 653 (9th Cir. 1997) ("There is no constitutional right to clemency."); *Joubert v. Neb. Bd. of Pardons*, 87 F.3d 966, 968 (8th Cir. 1996) ("It is well-established that prisoners have no constitutional or fundamental right to clemency.").

A "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope."  *Dumschat*, 452 U.S. at 465 (footnote omitted).  The "denial of

clemency merely means that the inmate must serve the sentence originally imposed." *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 283 (1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Hawaii prisoners have no right to release prior to completion of a sentence pursuant to Hawaii's parole statutes. *See Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (determining that Hawaii's parole regime creates no liberty interest in parole); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (collecting District of Hawaii cases).

Williams's claim for relief is legally frivolous and the Petition is DENIED with prejudice.

## II.    CONCLUSION

(1)  Williams's Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus, ECF No. 1, is DENIED.

(2)  Williams's Application to Proceed In Forma Pauperis By a Prisoner, ECF No. 2, is DENIED.

(3)  Williams's Motions for Absolute Pardon, En Banc Hearing, and Writ of Coram Nobis, ECF Nos. 4-6, are DISMISSED as moot.

(4)  Any request for a certificate of appealability for the denial of this Petition is DENIED.

(5)  The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 25, 2017.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Williams v. Atty. General of Hawaii*, 1:17-cv-00325 LEK-RLP; Habeas 2017 Williams 17-325 lek (dsm 2254 no rt clemency, unexh, sol)

8